* Judge Hitchcock
delivered the opinion of the court:
Two questions seem to be necessarily involved in the examination of the first error assigned in this case. The first is, whether' after a jury have retired to consider of their verdict, and shall have separated before returning their verdict to the court, they can afterward be permitted to retire to their room and further deliberate upon the case submitted to them; and, second, whether it-is in the power of the court, after a jury shall have agreed upon their verdict, and delivered the same in court, to send them out again for further deliberation.
As a general rule, a jury shall not be permitted to separate,, after retiring from the bar of the court, until they have agreed upon their verdict. Still, there may be peculiar circumstances which would, to some extent, justify a separation. But in no case-would it be proper for individual jurors to mingle with others than their fellows until a verdict is found. And should a jury, of their own pleasure, having been put in charge of a case, leave *414 their room and mingle with the people of the town or vicinity, and. ^afterward return to their room and agree upon a verdict, it would be good ground for a motion to set aside the verdict, and for a new ■trial.
Formerly, jurors were not permitted to separate .until their verdict was returned into court; and in order to compel them to .agree, they were deprived of the necessaries of life for the time being. But these rigid rules have been much relaxed in the practice of this state. We do not, it is true, permit jurors to separate until a verdict is found, but we allow them all necessary refreshment, and when they have agreed upon a verdict, if the ■ court is not in session they are permitted to put it under seal, and then separate. This verdict they return when the court again convenes. The verdict thus returned has the sarne^ effect, and must be treated in the same manner, as if returned in open court» before any separation of the jury had taken place. But if, after' having once agreed, and put their verdict under seal, a jury shall separate, and subsequently meet in their room and change this sealed verdict, such altered verdict could not, with propriety, lay ■the foundation of a judgment. Such conduct in a jury would constitute that degree of misbehavior for which a verdict ought to be set aside. The most common practice of this court is to direct the jury that if the court shall not be in session when they shall have agreed, to return their verdict to the clerk; and if he can not be found, to put it under seal, and bring it in at the open-ing *of the court In thus far relaxing ancient rules, we have experienced no inconvenience, and I have no doubt we might go further without any danger; for I believe the more confidence is placed in jurors, the more they are treated like reasonable men, the more will right and justice, through their instrumentality, be done. ,
In the case under consideration, the jurors did not misbehave. They did not separate until a verdict was found and placed under seal. This same verdict was, at the opening of the court on the ■next morning, delivered to the court. As before remarked, it must be treated and considered the same as if returned before there had been any separation of the jury. The question then arises, whether the court, after a jury have once returned a verdict, have the power to remand them to their room for further .consultation. When the jury return a general verdict settling the *415 .rights of the parties, and upon which a judgment can be entered, or where they return a special verdict, finding the facts of a ease and leaving the questions of law arising upon those facts to the court, it would be improper for the court to send them out again . for further consideration. If such verdict was against law or evidence, the only relief against its effects would be on a motion for a new trial. But where the jury have decided the issue between the parties, but have failed to return a complete verdict, as> for instance, where, in an action on a promissory note, they have found for the plaintiff the amount of the note with interest, but have not specified in dollar’s and cents that amount, they may, with propriety, be returned to their room to make the computation of interest.
The case under consideration is somewhat analogous. The jury found in favor of the plaintiff; they fixed upon the rule of •damages, and that rule was, the amount for which the property in litigation sold, together with the interest from a specified time. Nothing remained but to compute this interest, and for this purpose the jury might well be sent out. It was not with a view to make any change in the verdict, or to settle any new principle, but to carry out the original finding. And if there was any evidence before the jury showing the amount for which the property had been sold, and which had by them been overlooked, it was proper for the court to refer them to it. There was, then, no error in this case, in sending out the jury a second time.
The second error assigned is intimately connected with the first, and only differs from it essentially in this, that by it it seems to be supposed that the jury did not respond to the issue between the parties, inasmuch as they did not explicitly say that‘the defendants were guilty of the trespass. It is rarely the -case in our practice, that the jury return a formal and technical verdict. They usually find in general terms for the plaintiff or defendant, and-the clerk, in recording the verdict, applies this finding to the issues made up- by the pleadings. In this case the jury found for the plaintiff, which was equivalent to finding the' •several defendants guilty; and the clerk very properly so recorded their verdict.
The third error assigned, raises the question whether a plaintiff can.make use of a notice-attached to the defendants’ plea of •the general issue as evidence against the defendant. This is *416 believed to be a new question, so far as the practice of the courts of this state are concerned. By our practice act, a defendant may, by leave of the court, plead several pleas to the same action. ■He may plead the general issue, and one or more special pleas in bar. Now the principle is well settled, that what is admitted in pleading need not be proven. And a party will be stopped -from, proving anything inconsistent with, or against his plea. I apprehend, however, that this principle applies only to the admissions of the particular plea upon which the issue on trial is joined. A defendant pleads the general issue and a special plea in bar. In this special plea he admits, to a certain extent, the allegations of the declaration. Notwithstanding these admissions, upon the trial of the issues, the plaintiff must prove his case as set forth in the declaration, otherwise he will fail under the plea of the general issue. And in making this proof, he can not use the admissions in the special plea as evidence against the defendant. If this could be done, a great part of the advantage intended to be secured by the statute in allowing double pleading, would be lost. To take a. familiar instance: in an action of slander, a defendant pleads-the general issue, and a special plea of justification. An admission of the speaking of the words in this special plea does not exonerate the plaintiff from proving such speaking. I am aware that it was once otherwise decided in Massachusetts; but this decision is believed to be contrary to the decisions of the courts in England and in the other states of this Union. It. is certainly contrary to the uniform practice of the courts in this state. If such be the rules and principles with respect to *pleas, how is it with respect to a notice? Each plea must,
in itself contain a defense to the action. If the facts therein alleged are true, the plaintiff may demur to it, and thereby raise the question whether those facts constitute a defense. But it is not so with a notice. It can not be demurred to. So far it is not. a part of the record. It does not constitute the defense in the case. That defense consists in the denial of the whole cause of action by the plea of the general issue. If the notice, then, can be used as evidence by the plaintiff, it must be on the ground that it-is an admission or confession by a defendant of the facts therein stated. But this is not the character or intention of a notice. It is intended merely to apprise the opposite party of the matters and things to be relied upon in defense, in the event that the- *417 plaintiff shall sustain his case by proof. Such being its character and intent, it would bo improper to permit a plaintiff to use it as evidence to make out his case. But even could it be used in evidence as a confession or admission, like every other confession, it must be taken all together. It would not be allowed to take a part and reject a part, but the whole must go together. And ifi taking the whole together, there is sufficient to exonerate the defendant from the action of the plaintiff, it must so operate. Otherwise a defendant would be placed in a worse situation by giving notice, than by embodying the facts contained in his notice in a special plea. Because, if embraced in a special plea, and a plaint* iff would admit any of them as evidence, he must admit the whole, as he does in effect, by a general demurrer. On the whole, we entertain the opinion that a plaintiff can not use the whole or any part of a notice, attached to a defendant’s plea, as evidence against a defendant, and this opinion is fully sustained by the authorities cited by defendants’ counsel.
In the case under consideration, the court directed the jury that, in the absence, of other proof, they might take as evidence against the defendants, an allegation in the notice as to the amount for which the property in litigation was sold at sheriff’s sale. In this there was error, and for this error the judgment must be reversed, with costs.
The case will be again set down for trial, and remanded to Trumbull county.