## LANDON v HOLZBERGER

Ohio Appeals, 1st Dist, Butler Co

Decided June 27, 1932

M. Froome Barbour, Cincinnati, and Karl Clark, Hamilton, for plaintiff in error.

Walter S. Harlan, Hamilton, for defendant in error.

ROSS, P.J.

If all the services rendered by the broker in "securing a purchaser," for which services he sues, were rendered prior to the signing of the contract of January 14, 1929, the plaintiff can not recover for such past and completed consideration. In order to avoid this result, apparently indicated by the language of the petition and contract, the plaintiff testifies he was successful in inducing Williams to exercise the option and make payments on the contract. Williams states that the commission which Landon was to pay was credited on the payments due and Landon states he agreed to this when plaintiff agreed to cut his commission from $3,000.00 to $2,000.00.

There can be no dispute that the broker did find a purchaser for the property. If he did so **before** the promise to pay him a commission, these services constitute a past consideration and are unavailing as a good consideration for the promise to pay a commission. If the services in securing a purchaser were rendered **after** the signing of the agreement to pay a commission the broker may recover. We think a simple solution of the problem is furnished when it is ascertained whether or not upon signing of the agreement, containing the stipulation to pay a commission, there was a binding obligation upon some one to **purchase** the property. An examination of the contract shows such was not the case. At that time there was only an option in spite of the flat statement to purchase, for this is manifestly qualified by the later language used which modified it.

The broker could not have claimed his commission for finding a purchaser merely by furnishing one who signed an option to purchase.

The services therefore rendered after the execution of the contract in ripening the option into a binding obligation to purchaser were sufficient to constitute services rendered subsequent to the agreement to pay commission.

The amended answer alleges a further defense to the first cause of action, that the broker and the purchaser had an agreement to become partners and that the broker was purchasing for himself as well as the purchaser, and, as a further defense, that the broker was paid.

In view of the disposition made of this case, it is only necessary to say that the jury found adversely to these defenses, although there was strong evidence indicating proof thereof.

We now come to a consideration of what happened at the conclusion of the trial. We quote from the record:

"And thereupon at 1:30 the jury returned to further consideration the case, and thereafter returned their verdict in favor of the plaintiff on the first cause of action, and that there is due the plaintiff the sum of $1747.33, and the answers to interrogatories relative to first cause of action; also a verdict in favor of the defendant on the second cause of action.

"By the court:

" 'Ladies and Gentlemen of the Jury:

" 'The verdict that you have returned here of $1,747.33 (seventeen hundred and forty seven and thirty-three cents) the court cannot accept. It is the opinion of the court that the evidence either shows that the plaintiff is entitled to recover the full amount claimed in the petition on the first cause of action, or your verdict should be for the defendant—one or the other. The court is going to return all these papers to you and send you out for further deliberation in this case.'

"And thereupon the defendant excepted to the court's charge and action in referring the case back to the jury; also excepted to the court's refusal to submit a copy of interrogatories as to the first cause of action which have not been answered, and

the action in returning to the jury the interrogatories as answered by them in support of their general verdict of $1,747.33. The court referred all papers, exhibits, and interrogatories back to the jury.

"Court: One of the jurors wanted to ask a question—what is the question?

"Mr. Morris: The point some wish to ask is whether that commission should be carried up to the full amount asked for in the petition, that is three thousand dollars, or whether it should be cut any.

"Court: That is the reason for sending you out again. The plaintiff is either entitled to recover the full amount claimed in his petition under the evidence offered, or he is entitled to recover nothing.

\* \* \*

"Thereupon the defendant excepted to the court's last instructions. The defendant moves that if the case is remanded to the jury by the court to which the defendant excepts, that the jury be given a new -form of verdict in this case upon the first cause of action to be filled out by them as they see fit and that the verdict they have returned be not disturbed or changed in any way.

"By the court: The court thinks that the jury can erase the figures that they have made on the verdict and declines the request. Defendant excepts.

"And thereupon the jury retired for further consideration of the case; and subsequently thereafter requested the court that they be furnished with a new form of verdict relative and pertaining to the first cause of action herein, which request of the jury was refused and denied by the court, to which refusal and denial counsel for the defendant then and there excepted. And thereupon after due consideration of the case, the jury returned a verdict as appears of record herein."

The action of the court constituted prejudicial error.

The motion for a new trial should have been granted.

The jury had returned its verdict. Right or wrong, it was its verdict, and could not be changed except as to form, and as provided by §11420-11, GC:

"If the disagreement of more than one-fourth of the jury be not expressed and neither party requires the jury to be polled, or on the polling three-fourths or more of the jury answer affirmatively, **the verdict is complete and the jury shall be discharged** from the case. But when the verdict is de-

fective in form only, with the assent of the jurors and before their discharge the court may correct it."

If the verdict was manifestly against the weight of the evidence, this was ground for a new trial, but not for the court to order the jury to return to its jury room, reconsider the case, vacate its verdict, and return a new one. The court should either have entered judgment conforming to the original verdict, or granted a new trial. The fact that the jury rendered a verdict for a sum which was not adequate indicates that a new jury is almost required to do justice between the parties, especially in view of the sharp conflict in the evidence upon the various defenses interposed.

The judgment of the Court of Common Pleas of Butler County will, therefore, be reversed and the cause remanded to that court for a new trial, on the first cause of action. The original verdict having been for the defendant on the second cause of action, the judgment conforming thereto, and the plaintiff, defendant in error in this court, having dismissed his cross petition in error, judgment on the second cause of action is affirmed.

HAMILTON and CUSHING, JJ, concur.