Common Pleas Court of Hamilton County.

ALBERT KIRSCHNER V. HENRY L. DOHERTY ET AL.

Decided March 25, 1933.

*Rappaport & Rappaport,* and *Rubenstein & Falk,* for plaintiff.

*Dinsmore, Shohl & Sawyer,* for defendant.

SCHWAB, J.

This case is before the court on motion for a new trial filed on behalf of the plaintiff.

The plaintiff in this case sued the defendant for the return of Three Thousand ($3,000) Dollars, which he contended was the down payment on a purchase of 400 shares of Cities Service common stock, and of 200 shares of Class A Arkansas Natural Gas common stock, if and

when said Cities Service stock reached the price of $27 per share, and if and when the Arkansas stock reached the price of $9 per share; that thereafter the market price of both stocks reached the amounts specified; that when this occurred the plaintiff offered the balance in payment of said stock and demanded the stock, but that the defendant refused to deliver said stock.

Against this petition the defendant filed an answer and cross petition, in which he admitted the receipt of $3,000 set forth in the plaintiff's petition but denied the contract as therein set forth. The defendant maintained that the contract which he did enter into with the plaintiff was for the purchase of 400 shares of Cities Service common stock at its market value on October 25, 1929, and 200 shares of Class A Arkansas Natural Gas at its market price on that day.

Defendant contended further that it purchased the stock and tendered the same to the plaintiff and demanded of the plaintiff the remainder of the purchase price thereof, but that the plaintiff without justification repudiated the contract and refused to accept the certificates of stock. The defendant contended that by reason of this repudiation on the part of the plaintiff he has been damaged in the sum of Four Thousand One Hundred and Seventy-five ($4,175) Dollars.

The issues raised by the petition and the cross petition were submitted to the jury, which returned the following verdict:

"We, the jury, being duly impaneled and sworn, find upon the issues joined between the plaintiff and defendant upon the matters set out in the plaintiff's petition, in favor of the defendant.

"We further find upon the issues joined between the defendant and the plaintiff upon the matters set up in the defendant's answer and cross petition, in favor of the defendant, and that there is due to the defendant from the plaintiff, the said Albert Kirschner, the sum of the down payment of Three Thousand ($3,000) Dollars * * *"

This verdict was signed by nine members of the jury. Neither side requested that the jury be polled.

Upon the issues presented to the jury in this case the plaintiff was either entitled to a verdict for $3,000, or the defendant was entitled to a verdict on his cross petition in the neighborhood of $4,000.

It is the contention of counsel for the plaintiff that this verdict is defective in substance and for that reason the new trial should be granted.

This verdict, in the opinion of the court, is not intelligible without looking to the evidence to ascertain its meaning. That being true, the court is of the opinion that the same is defective in substance.

In the case of *Landon* v. *Holzberger*, 37 O. L. R., 367; 43 O. App., 434, the Court of Appeals of this Appellate District, in syllabus 2 thereof, lays down the law as follows:

"Verdict returned by jury could not be changed except as to form."

In that case an action was brought to recover a brokerage commission of $3,000 resulting from the sale of certain real estate. The jury returned a verdict of $1,747.33, and the court over the objection of counsel for the defendant directed the jury to return for further deliberation, with instructions that if they found for the plaintiff they must render a verdict for $3,000. At page 439, the court in its opinion made the following observation:

"The jury had returned its verdict. Right or wrong, it was its verdict and could not be changed except as to form."

Section 11420-11, General Code, reads as follows:

"If the disagreement of more than one-fourth of the jury be not expressed and neither party requires the jury to be polled, or on the polling three-fourths or more of the jury answer affirmatively, the verdict is complete and the jury shall be discharged from the case. But when the verdict is defective in form only, with the assent of the jurors and before their discharge the court may correct it."

For the reasons stated the motion for a new trial will be granted.