Common Pleas Court for Hamilton County.

WESSLER V. INDUSTRIAL COMMISSION.

Decided July 21, 1933.

*Bolsinger & Bolsinger*, for plaintiff.

*John M. McCaslin*, for defendant, the Cincinnati Traction Company.

BELL, J.

This cause is before the court upon a motion for a new trial. Numerous errors are set forth, all of which have been considered, and only one raises any serious question.

This was an action under the workmen's compensation law against the defendant corporation, the Cincinnati Traction Co., a self insurer. The petition alleged that Frank Wessler was an employee of the defendant corporation, and while engaged in the course of his employment, on September 26, 1922, received injuries by being struck by an automobile while at work as a track cleaner for the defendant, and that by reason of said injuries he died on June 27, 1924. The petition contains the necessary allegations with reference to the application to and denial by the Industrial Commission of Ohio for an award, the application for rehearing and the re-denial of the claim on rehearing, and the filing of a petition in this court within the time limited by law. The prayer of the petition is that the plaintiff be awarded compensation at the rate of $18.75 per week from June 27, 1924, for the remainder of the period between that date and eight years from the date of injury, to-wit, September 26, 1922, in the sum of $6094.25, together with hospital, medical and funeral bills, and at-

torney fees, and all other relief to which she may be entitled.

The answer of the defendant corporation admitted the employment, admitted the claim before the Industrial Commission, its denial, the application for re-hearing and its denial, and denied each and every other material allegation of the plaintiff's petition. Upon these pleadings trial was had.

Among other things, the jury was charged that if they found the issues in favor of the plaintiff, they could award the plaintiff a sum equal to 66 2/3% of his average weekly wage, but not to exceed $18.75 per week, for that period of time between the death, to-wit, June 27, 1924, and eight years after the date of the injury, to-wit, September 26, 1922. In other words, the jury was instructed that if they found the issues in favor of the plaintiff they could award compensation from June 27, 1924, to September 26, 1930. The jury retired and returned a verdict in favor of the plaintiff for the sum of $6,240.00, whereby they allowed the sum of $15.00 per week from June 27, 1924, to June 26, 1932, which was approximately two years longer than the time allowed by the statute. The return of this verdict raises the only serious question in the cause.

On the one hand it is claimed by the plaintiff that the court had the right to order a remittitur, and upon the other hand it is claimed that the jury having returned an erroneous verdict, entirely contrary to the instructions of the court, the court has no power except to set aside the verdict and grant a new trial.

After a careful consideration of the authorities, the court is of the opinion that this is not one of those cases wherein the court has the right to order a remittitur, but that this case is governed by the law as stated in *Landon* v. *Holzberger*, 43 Ohio App. 434. While there are opinions by some of the Ohio courts which are inconsistent with the above pronouncement, this court is bound by the decisions of the Court of Appeals of this district, and therefore reluctantly grants the motion for a new trial.

The entry granting this motion may also contain a setting of this cause for trial the first day of the October term, 1933.