By the Court.
Plaintiff in error, George S. Hawke, has made application for a rehearing herein, and has also made a motion to correct the bill of exceptions. In support of the motion affidavits are offered on the part of the plaintiff in error to the effect that the bill of exceptions does in fact contain all the evidence offered at the trial, although the certificate of the trial judge does not so show. A counter-affidavit is filed on behalf of the defendants in error to the effect that not all of the evidence is contained in the bill of exceptions.
The question, on which the original opinion rendered was based, was argued orally at the time of the hearing in this court. Counsel for plaintiff in error were present, but preferred to make no oral argument, and the motion and affidavit filed after the decision was rendered are the first intimation to the court that there was any error in the certificate to the bill of exceptions. The court has the power under Section 11572-a, General Code, to permit the correction of a bill of exceptions where the interest of justice requires it.
The court, therefore, has examined the record and briefs of counsel to determine whether, if the record were corrected, it would avail the plaintiff in error. '
The only witness at the trial was the plaintiff. He is a lawyer and was introduced to the defendants who are brokers with offices in the Mercantile Library Building, Cincinnati. After being introduced to them, he only faintly recollects occasionally speaking to one or the other. His transactions were by giving orders to employes to execute. He was dealing in wheat options, which, in answer to *200 a question by his counsel as to the meaning of an option account, he defines as follows: “It means that I have an option to receive or buy some wheat when the time for delivery comes around.” The transactions were in the usual form of legitimate and ordinary dealings. If the whole transaction were nothing more than a wager, and the understanding and agreement was that no goods were to be delivered, but that the parties were to speculate in the rise and fall of prices and one party was to pay the other the difference between the contract price and the market price at the date fixed for executing the contract, the transaction would be void, even though it were under the guise of a legitimate agreement. Irwin v. Williar, 110 U. S., 499; Lester v. Buel et al., 49 Ohio St., 240, and Kahn v. Walton, 46 Ohio St., 195.
The plaintiff testified that it was his intention to speculate and gamble. In order to invalidate a contract as a wagering one both parties must intend that instead of delivery of the article there shall be a mere payment of the difference between the contract and the market price. A transaction which on its face is legitimate cannot be held void as a wagering contract by showing that one party only so understood and meant it to be. The proof must go farther and show that this understanding was mutual, that both parties so understood the transaction. Clews v. Jamieson, 182 U. S., 461, 489; Irwin v. Williar, 110 U. S., 499, 507, 508, and Otis & Hough v. Thompson, 4 Ohio App., 61, 63.
The plaintiff in error contends that defendants are chargeable from the circumstances with knowledge of his intent. Unlike the case of Otis & *201 Hough v. Thompson, supra, and Lester v. Buel, supra, there is nothing here to show that plaintiff did not have adequate means to consummate the transaction which he had made, and no evidence tending to show that the defendants knew anything about his means or circumstances. The record does not disclose that they did otherwise than act in good faith as brokers for plaintiff in procuring wheat options in accordance with law.
The correction of the certificate of the bill of exceptions would not result in a different conclusion from that already announced.
The motion to correct the record will be denied and the application for a rehearing refused.

Motion overruled, and application for rehearing refused.

Shopil, P. J., Hamilton and Cushing, JJ., concur.