FRIEDEBORN *v.* THE POWERS REGULATOR CO.

*Trial practice—Juror withdrawn and cause continued—Duty to reconvene jury and hear case within term—Right to hear at succeeding term.*

Where a jury has been impaneled and sworn for the trial of a case, and, on the day of trial, a juror is withdrawn by the court, and the cause continued, and, later, on motion of plaintiff, the entry discharging the jury is set aside, it is the duty of the court to reconvene the jury and hear and determine the cause within the term; nevertheless if it fails to do so such error is not prejudicial and the cause will stand on the docket for trial before a jury to be regularly drawn and impaneled at the succeeding term. The court did not lose jurisdiction over the persons or subject matter of the suit.

(Decided March 20, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Pugh & Pugh,* for plaintiff in error.

*Mr. Charles T. Dumont* and *Mr. Daniel W. Loewenstein,* for defendant in error.

HAMILTON, P. J.   This case was first called for trial in the court of common pleas on May 9, 1916, at the April term.   A jury was impaneled and sworn, and the cause continued to May 10, the following day.   Upon convening on May 10, 1916, the court made the following order:

"This cause coming on this day again to be heard came the parties and their attorneys and also came the jury heretofore impaneled and sworn and the trial of said cause proceeded.

"And for good cause shown it is ordered by the court that B. R. Addison one of the Jurors was withdrawn, and this cause was ordered continued to some future date for trial."

It will be noted that none of the reasons set forth in Section 11453, General Code, for the withdrawal of a juror and the continuing of the cause is shown in the order.

May 16, 1916, the plaintiff filed a motion to set aside the entry of May 10, discharging the jury and continuing the cause.   On May 22, 1916, the court granted the motion and set aside the entry.   This left the cause as present for trial before the jury duly impaneled May 9, 1916, and it was the duty of the court to reconvene that jury and hear and determine the cause.   But that was not done.

On December 19, 1916, the defendant moved to dismiss the cause for the reason that the court had lost jurisdiction by reason of the dismissal of the jury and the continuance of the cause, which is claimed to have been unwarranted by the law.   This

motion was overruled, and was renewed at the April term, 1921, and again overruled, and the cause was called for trial.   On April 29, 1921, a jury was impaneled and sworn, and the cause proceeded to trial before a judge and jury, resulting in a verdict and judgment for the plaintiff, The Powers Regulator Company, defendant in error here.

Error is prosecuted from that judgment, claiming that by its action of May 10, 1916, dismissing the jury, the court had no jurisdiction to call the case again for trial.

It was undoubtedly the right of defendant to have his case tried before the jury impaneled on May 9, 1916, and the setting aside of the entry of dismissal of the jury gave him such right if he had lost it by the action of the court in dismissing the jury.   This did not involve the question of the jurisdiction of the court over the subject-matter or the persons, but was simply grounds for error.   But, however that may be, the jury impaneled May 9, 1916, was discharged at the end of that term by the operation of law.   (Section 11432, General Code.)   The April term ended on the day preceding the first Monday in July, 1916.   That jury no longer existed, and no trial could be had before it.   The case then stood for trial before a jury to be regularly drawn and impaneled, which was done at the April term, 1921. No complaint is made of the trial had before the court and jury at that time, except the question of jurisdiction.

We find no error in the record prejudicial to the plaintiff in error, and the judgment will be affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.