No. 785

AMERICAN EXPRESS CO. v. CATLIN

Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 2, 1924

829. NEGLIGENCE—On failure of evidence to disclose knowledge of horse's viciousness, owner is not liable.

50. ANIMALS—Owner of horse not liable unless vicious propensities are known, express or implied.

ROBERTS, J.　　　　　　Epitomized Opinion
Published Only in Ohio Law Abstract

Catlin brought an action for personal injuries against the American Ry. Express Co. for injuries sustained by being kicked by one of the company's horses. Catlin was employed as a stableman at the time. The plaintiff claimed that the defendant was negligent in keeping in its possession this horse, which had vicious habits and propensities, of which the defendant had knowledge. No evidence was introduced showing that the horse had such vicious habits, but two witnesses testified to the contrary. A verdict was rendered for the plaintiff.

Two forms of verdicts were given to the jury, one to be filled out if their verdict was for the plaintiff and the other was to be used if their verdict was for defendant. By mistake the jury signed the verdict for the defendant, but wrote in the blank a verdict for the plaintiff for $600 but did not sign, the jury intended to render a verdict for the plaintiff for $600. When the jury returned, the verdict for the defendant was read and the jury was dismissed. In the afternoon the court called back the jury and upon learning that their verdict was for the plaintiff, he had each of the jurors to sign this verdict, which they had filled in but had not signed in the morning.

The defendant objected to this procedure and prosecuted error. In reversing the judgment the Court of Appeals held:

1. The owner of a horse is not liable for a vicious act which could not have reasonably been expected or anticipated and when the animal was not known or in the exercise of reasonable care could not have been known to have been vicious and liable to do the act of which complaint is made.

2. As the evidence failed to show any former vicious acts by the horse or knowledge

by the owner of any vicious propensities, the express company was not liable for the alleged acts of the horse.

3. When the jury was discharged after the reception of the first verdict, their connection with the case was entirely severed and that being the fact they could not thereafter be or act as jurors in that case or return a subsequent verdict. Therefore, the court was in error in authorizing them to correct their mistake.

4. Under 11457 GC., when a jury has been discharged, the court cannot recall it to correct a defect in form.

Attorneys—Kennedy, Manchester, Conroy & Ford, for American Railway Express Co.; Lyon & Wall, for Catlin; all of Youngstown.