Marshall, C. J.
 

 This action was commenced in the court of common pleas of Jefferson county, Ohio, as a suit by Harry C. Kellermier to recover from Josiah J. Crawford for services, alleging an oral contract dated July 1, 1925, by the terms of which Kellermier was to be paid at the rate of $65 per month for pumping and operating oil wells. He claimed for the period of thirty-nine months the total sum of $2,535, subject to credits in the sum of $850, leaving a balance claimed of $1,685. Another small additional claim was made, which is not material to our inquiry. The defendant answered, admitting the payment of $850, but denied 'all otjher ¡allegations. In a cross-petition he alleged that the oil wells were in a run-down condition, and that under the terms of the contract of employment plaintiff was to receive $50 per month if he was unable to materially increase the production of the wells,
 
 *406
 
 while, if he did materially increase the production, he was to receive $65 per month. Defendant admits that the production was increased for a time, and that the payments made were at the rate of $65 per month, but that during the remainder of the period of service the production was not materially increased, and he asserts, on the contrary, that plaintiff “handled said property so as to put the same in a run-down condition and materially decrease the production of oil therefrom, thereby greatly damaging said property and this defendant.” A verdict was recovered in the sum of $1,999.10; but, on motion for new trial being filed, the court ordered a remittitur in the sum of $99.10, which was accepted by the plaintiff, and judgment was entered for $1,900. Error was prosecuted to the Court of Appeals, and the judgment was affirmed. A motion to require the Court of Appeals to certify its record to this court was allowed.
 

 Upon the issue as to whether plaintiff was entitled to receive compensation at the rate of $50 or $65 per month the case was properly submitted to the jury, and we find no error in the record, either upon the admission or rejection of evidence, or upon the court’s instructions to the jury. Upon that issue the verdict properly responds to the issues made by the pleadings and the evidence offered. The principal matters urged for our consideration relate to the claim of damages set up by the cross-petition, and the reply thereto.
 

 A large volume of testimony was taken and properly incorporated into a bill of exceptions, but only a small portion of the testimony has been printed for the use of this court, although no motion was
 
 *407
 
 ever made to waive the printing of any part thereof. Section 12254, General Code, and rule IV of this court, require the plaintiff in error to print “so much of the record to be reviewed as will show the error complained of.” This statute is a part of the original Civil Code, and this rule is of long standing in this court.
 

 Plaintiff in error may exercise his own judgment and discretion in printing those portions of the record which show the error complained of, though of course he owes a duty to print all portions of the record bearing upon such alleged error, and more especially where the alleged error relates to quantum of proof. In the instant case the question relates to the admissibility of evidence and whether there was any evidence to be considered by the jury upon the question of damages to the property. It is claimed by the defendant in error that there is other evidence in the record pertaining to the same subject-matter tending to show that no substantial damage was in fact suffered. It would of course have been proper for the defendant in error to have printed other portions of the record in order to bring them before the court, and, in the interest of justice, it would even be the duty of the court to read such portions of the record as were omitted from the printing, in order that no injustice be done to the defendant in error by reason of plaintiff in error’s omission to print. The statute was enacted and rule IV has been formulated in the interest of greater simplicity in error proceedings. It has formerly been declared by this court in
 
 Weaver
 
 v.
 
 Columbia, Shawnee & Hocking Ry. Co.,
 
 76 Ohio St., 164, 81 N. E., 180, that, where the circuit court has
 
 *408
 
 reversed the judgment of the trial court on stated grounds, but other assignments of error are before the circuit court for its determination, which other grounds defendant in error claims would have been sufficient for reversal, it is in such event the right and the privilege of defendant in error to print other portions of the record as the basis for the discussion of such other assignments of error. While fully agreeing with the conclusions reached in that case, they do not apply to the instant case, because here the Court of Appeals affirmed the judgment of the trial court. In the instant case, it may be presumed that plaintiff in error has printed all of the record which is favorable to his contentions, and we will therefore determine whether the printed portion shows that the Court of Appeals erred in affirming the judgment of the trial court.
 

 Questions arise out of the rejection of evidence, and also from the charge of the court, wherein the court stated: ‘‘ The court feels that in this case the question of damages need not be considered by the jury.” These will be discussed in the order of their statement.
 

 The testimony which was tendered and rejected related to the employment of one Cunningham in fixing leaking lines and pulling wells on the property of Crawford. Two questions were asked, but the inquiry in both was practically identical, and it was merely sought to ascertain what Cunningham was employed to do and what he in fact did do upon the property. Not being permitted to answer, counsel stated that it was expected to prove by him that the property was allowed to run down, which made it necessary to employ others than Kellermier, and,
 
 *409
 
 further that Cunningham aided in pulling wells, and in renewing lines on the property which had been neglected. Whether or not the proffered testimony was admissible must be first of all determined from the allegations of the cross-petition. The allegations of the cross-petition are mainly defensive to the petition, and, while the answer to the petition contained a general denial, the cross-petition, instead of being denominated a second defense, pleaded new matter which was also defensive, which new matter was traversed by a reply. The issues made by such new matter were determined, and no substantial or prejudicial error is predicated upon that determination. The difficulty arises out of the fact that the cross-petition also sought to plead damages to property caused by the alleged breach of contract on the part of Kellermier. Those allegations were not strictly speaking allegations of fact. It was alleged in the earlier part of the cross-petition that the wells were in a run-down condition before Kellermier was employed, and that he was employed for the purpose of improving them and thereby increasing the production. Later, in the same cross-petition, it is stated that Kellermier “so handled said property so as to put the same in a run-down condition and materially decreased the production of oil therefrom, thereby greatly damaging said property and this defendant.” While those allegations are conclusions rather than statements of fact, Kellermier did not move to have them made definite and certain, but filed a reply which denied knowledge as to whether the production was increased, and generally denied each and every other allegation in the answer and cross-petition.
 

 
 *410
 
 The principle is well settled that a pleading should be liberally construed, so as to sustain the pleading, if possible, and that objections to the introduction of evidence on account of the alleged insufficiency of a petition should generally be overruled, unless there is a total failure to allege some matter essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law. However indefinite and uncertain the allegations of the cross-petition, evidence which would tend to show breach of contract on the part of Kellermier, either in doing some act which he should not have done, or omitting to do some act which he should have done, resulting in damage to property, would have been admissible under the state of the pleadings in this case. "Where a person is employed to render service and contracts for a higher degree of skill, care, and diligence than the law implies, he cannot excuse himself from a failure to live up to his contract by merely showing that he performed the duties of the position with the ordinary and reasonable degree of skill, care, and diligence required of him by law. In such case he must perform his duties with the degree and grade of service for which he contracts. Looking to the allegations of the cross-petition, it is not claimed by Crawford that Kellermier contracted for a higher degree of skill, care, and diligence than that which the law implies. On the contrary, it is stated that, if he succeeded in increasing the production of the oil wells, he should receive $65 per month, and that, if he failed to increase the production, he was to receive only $50 per month, thereby indicating that his competency and skill were to be measured by the
 
 *411
 
 difference between tbe higher and the lower compensation. Another difficulty which the cross-petition does not obviate is that it does not appear that Kellermier was employed for any definite length of time, and that he could have been discharged at the end of any month.
 

 Our attention is not called to any evidence which even tended to show any act or omission on the part of Kellermier which would even tend to cause damage to the property of Crawford. The fact that one Cunningham was employed, if it should be found to be a fact, or that he did help to repair or renew lines, or that he assisted in pulling oil wells, if these facts should be further found, would not tend to show damage to property. It does not appear from the claims of counsel that Cunningham was employed by Kellermier for another purpose, or that he was employed for any purpose other than a very commendable purpose, that of fixing leaking lines and pulling wells which should have been pulled. The evidence which was tendered was therefore properly rejected.
 

 If that evidence was properly rejected, it does not appear that there was any other evidence which would even tend to prove damages to the property, and the court was therefore justified in instructing the jury that it need not consider the question of damages.
 

 Another question made by this record, and upon which error is assigned, is the alleged irregularity in the verdict of the jury. "When the jury reported its verdict in open court it was found that it had awarded the plaintiff judgment for the full amount of his claim, with six per cent, interest, but had not
 
 *412
 
 made the calculation of the interest. Thereupon, before the verdict was received, the calculation was made and the amount inserted without sending the jury back to the jury room. After the amount was inserted, the jury was polled, and each juror declared it to be his verdict. Section 11457 provides in part: “But when the verdict is defective in form only, with the assent of the jurors and before their discharge the court may correct it.” This statute controls if the defect was in form only. While it is usual for the jury to make the calculation of interest as a part of its deliberations, and to include the amount in the verdict, it appears by this verdict as at first returned that it did award interest upon the full amount claimed, and the verdict was therefore not changed by the calculation having been made and the amount inserted after the verdict was returned and before it was received. The jury having been polled after the correction, and having unanimously declared that it was their verdict, the judgment could not be disturbed upon this ground.
 

 The judgment of the court of common pleas was affirmed by the Court of Appeals, and its judgment must be affirmed by this court.
 

 Judgment affirmed.
 

 Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.
 

 J ones, J., not participating.