## NEWLAND v INDUSTRIAL COMM

Ohio Appeals, 1st Dist, Hamilton Co

No 5441. Decided April 25, 1938

Nathaniel H. Maxwell, Cincinnati, and Erwin L. Bramlage, Cincinnati, for appellant.

Earl T. Wagner, Cincinnati, for appellee.

### OPINION

By HAMILTON, J.

Heard on motion to dismiss the appeal for want of jurisdiction.

The motion to dismiss presents a novel situation to say the least.

In the motion it is claimed by the Industrial Commission that the Court of Common Pleas was without jurisdiction to render a judgment in its favor, and, therefore, this court had no jurisdiction to review that judgment.

As the record discloses, the Industrial Commission did not at any time contest the appeal to the Court of Common Pleas, on the ground that the plaintiff had no right of appeal, but answered to the merits. The case was submitted to the trial court on the pleadings and the record taken by the Industrial Commission. The trial court, upon consideration thereof, rendered a judgment against the appellant and in favor of the Industrial Commission, the movant here.

It is true, jurisdiction cannot be conferred by consent. But that is not the question here.

The Court of Common Pleas had jurisdiction to hear the claimant to compensation on appeal. The question goes to the right of the claimant to appeal from the judgment of the Court of Common Pleas. If the Industrial Commission has moved to dismiss the appeal, and the court had overruled that motion, the Industrial Commission might have made that question a point of error, but it did not do so. The court, on the motion of the Industrial Commission heard the case on the merits, on the pleadings and the record, and decided the case in favor of the Commission If there was any error in the proceeding, how can the commission now claim any prejudicial error intervened? The claimant appealed from that decision to this court and the only objection of the commission is, in substance, that it did not get its favorable judgment in the manner now suggested to this court, and bases its motion to dismiss this appeal on that ground.

If there was any error in the proceeding in the Common Pleas Court, that error was waived by the commission, and further, it cannot be heard to complain against the judgment in its favor, and that judgment affords no ground for a dismissal of the review in this court on the jurisdictional question in the Common Pleas Court, which was not raised in that court.

The motion to dismiss is overruled.

ROSS, PJ, and MATTHEWS, J, concur.