EKLEBERRY, APPELLEE, *v.* SANFORD, APPELLANT.

(No. 1438—Decided November 19, 1943.)

*Mr. Edward J. Myers,* for appellee.
*Messrs. Carpenter & Carpenter* and *Mr. Leo J. Scanlon,* for appellant.

JACKSON, J. In the latter part of 1941 appellee engaged the appellant as a real estate broker to obtain a purchaser for certain real estate and personal property. Appellant secured one John K. Chaney to enter into a contract with the appellee (plaintiff's exhibit A). There was an agreement between the appellant and appellee that if a purchaser was secured, a commission of $1000 was to be paid by appellee to appellant. In accordance with plaintiff's exhibit A the down payment of $500 was to be retained by the appellant until the completion of the agreement. Chaney gave his note for $500 (plaintiff's exhibit C) to appellant, and appellant in turn gave his note for $500 (plaintiff's exhibit B) to appellee.

On June 11, 1942, appellee obtained a judgment against the appellant for the amount of the note and interest, by virtue of the cognovit provisions contained in the note. On August 20, 1942, motion to vacate the judgment was filed, and on August 29, 1942, the judgment was suspended and the appellant was granted leave to file an answer instanter. On November 27, 1942, after a trial by jury, a verdict, signed by twelve jurors, was rendered against the appellant for the sum of $5, upon which verdict a judgment was entered for the appellee for the sum of $500, with interest and costs, the judgment to bear date of June 11, 1942.

Appellant filed notice of appeal in this court, and in

due time filed seven assignments of error. Assignments of error are as follows:

1. The court erred in overruling appellant's motion for a directed verdict in his favor.

2. The judgment is contrary to law.

3. The verdict of the jury is not sustained by sufficient evidence.

4. The verdict of the jury is contrary to law.

5. The verdict of the jury is contrary to the evidence.

6. For the several errors of law occurring at the trial and to which exceptions were taken by appellant at the time.

7. For other errors manifest from the face of the record.

Assignments of error numbers 1, 3, 4, 5 and 6 are overruled as being wholly without merit.

Assignments of error numbers 2 and 7 embrace the same subject matter and will be discussed together.

The verdict of the jury recites that "the issues in the case are found in favor of the plaintiff and assess the amount due to the plaintiff from the defendant, the said David E. Sanford, the sum of $5." The court received the verdict and the jury was discharged. The action by the court on the verdict occurred after the jury was dismissed and a motion for new trial overruled on the 14th day of December, 1942.

The jury must assess the amount of the recovery in its verdict. 39 Ohio Jurisprudence, 1100, Trial, Section 371; Section 11420-19, General Code.

Under the Code, the court had no power to correct or alter the verdict of the jury without the assent of the jurors before their discharge and this power can be exercised by the trial court only in the manner provided. Such power may not be exercised by a reviewing court. 39 Ohio Jurisprudence, 1117, Trial, Section 391; Section 11420-11, General Code.

A verdict is defective in substance if it is wanting in some real or essential part or element and does not correspond to the issues raised by the pleadings. This is true if a party sues on a promissory note with interest and the verdict is for the full amount of the face of the note but no reference is made to interest. Such a verdict is defective in substance. 39 Ohio Jurisprudence, 1119, Trial, Section 392; *Lehrer* v. *Cleveland Ry. Co.,* 20 N. P. (N. S.), 481, 28 O. D. (N. P.), 243.

If the verdict recited that a certain amount plus interest was assessed by the jury the court may in such instance compute it. However, the Ohio courts are unanimous that the failure of the jury, in rendering a verdict for the full amount claimed with interest at a stipulated rate, to calculate the interest and add it to the principal is a defect of form and may be corrected by the court only with the assent of the jurors before their final discharge. *Crawford* v. *Kellermeier,* 123 Ohio St., 404, 175 N. E., 600; 39 Ohio Jurisprudence, 1121, Trial, Section 395.

A jury should have every reasonable opportunity, before their verdict is put on record and before they are discharged and their relation to the case as jurors has ceased, to alter their verdict in form or substance to conform it to their intention and purpose. If, having once agreed upon and returned to the court the written verdict, the jury separate and subsequently meet in their room and change their verdict, such altered verdict could not, with propriety, lay the foundation of any judgment. 39 Ohio Jurisprudence, 1123, Trial, Section 397.

Clearly, after the jury has been permanently discharged from a case it cannot be reassembled to amend or correct the verdict in the matter of substance, and by virtue of Section 11420-11, General Code, when the jury has been discharged the court cannot recall it to correct a defect in form. 39 Ohio Jurisprudence, 1127,

Trial, Section 400; *Sargent* v. *State,* 11 Ohio, 472; *American Railway Express Co.* v. *Catlin,* 2 Ohio Law Abs., 746.

Appellant asserts that there was no consideration passing between the parties when appellant executed and gave his note (plaintiff's exhibit B) to the appellee.

We are of the opinion that the note in question had consideration when it was executed and delivered by the appellant to the appellee.

When the appellee and Chaney, the prospective purchaser procured by appellant, executed the agreement known as plaintiff's exhibit A, the appellant had performed and completed his agreement with the appellee as to the sale of property, and there was nothing further to be done on the part of the appellant except to receive the initial payment of $500 which had been received and accepted in the form of a promissory note (plaintiff's exhibit C), and in turn the appellant delivered his own note for the same amount to the appellee which was accepted by the appellee as and for the first payment under the agreement between the purchaser, Chaney, and the appellee.

Assignments of error numbers 2 and 7 are sustained. The judgment is reversed, at costs of appellee, and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

GUERNSEY, P. J., and MIDDLETON, J., concur.

(Decided December 7, 1943.)

JACKSON, J. The motion of the appellee, Hugh Ekleberry, for diminution of the record, resubmission and rehearing is denied.

Under Sections 11572*a* and 11363, General Code, authority is granted to the courts, when justice requires it, or in furtherance of justice, to correct an omission in the bill of exceptions.

Section 11420-9, General Code, requires that the verdict shall be in writing. Inquiry can be made of the jurors only to ascertain if the verdict is that of three-fourths or more of their number. The verdict must stand or fall upon the writing, without explanation.

"Although no particular form is required, the verdict of the jury, to serve as a basis for a judgment, should be clear, intelligible, consistent, and certain. It should import a definite meaning free from any ambiguity, and should show just what the jury intended, so that the court may ascertain from its terms alone, or from its terms when read in the light afforded by the pleadings of which it is the duty of the court to take judicial notice, what judgment to render. If it is void for uncertainty, it should be set aside or refused by the court." 39 Ohio Jurisprudence, 1090, Trial, Section 365.

The above rule is not only fundamental but also elemental in the trial of a cause.

A motion to correct a bill of exceptions will be denied where the correction of the bill would not result in a different conclusion from the one already announced. *Hawke* v. *Roberts & Hall,* 13 Ohio App., 198; *Elser* v. *Parke,* 142 Ohio St., 261, 51 N. E. (2d), 711.

*Motion overruled.*

GUERNSEY, P. J., and MIDDLETON, J., concur.