ROBERTSON, APPELLANT, *v.* LYNCH ET AL.,
A PARTNERSHIP, APPELLEES.

(No. 4515—Decided September 18, 1951.)

*Mr. Matthew L. Bigger,* for appellant.
*Messrs. Porter, Stanley, Treffinger & Platt* and
*Mr. William O. Randall,* for appellee.

*Per Curiam.* This is an appeal on questions of law
from a judgment of the Common Pleas Court of
Franklin County. A jury having been waived, the
case was tried to the court which rendered separate
findings of fact and conclusions of law which we find
to be supported by the record.

The defendants were engaged in the brokerage busi-
ness and more particularly in the business of buying
and selling grain listed on the Chicago Board of
Trade for a commission paid by the customer at the
time of the transaction. Plaintiff, who had been a
customer of the defendants, sued to recover losses
suffered in two transactions with the defendants.

The trial court's findings, supported by the evidence, are that the defendants acted as brokers and agents for the plaintiff and caused such transactions to be executed on the Chicago Board of Trade; that defendants conducted their business according to the rules and regulations of the Chicago Board of Trade and the plaintiff agreed to be bound thereby; that the sale or purchase of commodities for future delivery may be conducted upon the Chicago Board of Trade in accordance with the rules and regulations of that board; that the two transactions in question fell within the proviso of Section 5966, General Code; and that the contracts covering the two transactions were not void as "gaming" or "wagering" contracts under the "bucket shop" laws.

The plaintiff contends that there was not to be a delivery of the commodities but only a payment of differences by the plaintiff, based upon the rise or fall of the market. See Section 13070, General Code. On this issue the plaintiff carried the burden of proof. The plaintiff testified he intended only to speculate on the rise or fall of the market. The evidence fails to show by the proper degree of proof that defendants intended to so speculate. Before the transactions can be held to be void as wagering contracts it must be shown that both parties intended them to be so. See *Hawke* v. *Roberts & Hall,* 13 Ohio App., 198, 200; *Worthington, Bellows & Co.* v. *Whitman,* 15 Ohio App., 161; *Dayton Bread Co.* v. *Montana Flour Mills Co.,* 126 F. (2d), 257.

We find no assignment of error well made. There being no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., WISEMAN and MILLER, JJ., concur.