**The STATE ex rel. CSANK et al.**

v.

**JAFFE, Judge.**

[Cite as *State ex rel. Csank v. Jaffe* (1995), 107 Ohio App.3d 387.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68856.

Decided Nov. 13, 1995.

*Csank & Csank Co., L.P.A.,* and *James F. Csank,* for relators Epeus Invest. Co. and Paul L. Csank.

*Thompson, Hine & Flory* and *Harry A. Hanna,* for relators John Rupert and William Heideloff.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Marilyn Cassidy,* Assistant Prosecuting Attorney, for respondent.

*George R. Penfield,* urging denial of writ for *amicus curiae,* Donna M. Rozic.

---

JAMES M. PORTER, Presiding Judge.

The relators, Paul Csank, Epeus Investment Company, John E. Rupert and William R. Heideloff, commenced this prohibition action against the respondent, Judge Harry Jaffe, to prevent the judge from either reconvening the original jury or convening a new jury to determine the issue of punitive damages in the underlying case, *Rozic v. Epeus Invest. Co.,* Cuyahoga C.P. No. 240298. The respondent, through the Cuyahoga County Prosecutor, moved to dismiss or in the alternative for summary judgment, and the relators have fully briefed their position. For the following reasons, this court grants the respondent's dispositive motion, denies the application for the alternative writ and dismisses this action.

In the underlying case, the plaintiff raised claims against the relators, *inter alia,* for breach of contract, fraud and punitive damages. On December 19, 1994, the jury awarded the plaintiff compensatory damages and found her entitled to punitive damages. R.C. 2315.21 prohibited the jury from awarding a sum for punitive damages. Thus, the respondent discharged the jury and scheduled a hearing on the issue of punitive damages for January 17, 1995.

On December 30, 1994, the Supreme Court of Ohio ruled R.C. 2315.21 unconstitutional as violating the right to trial by jury under Section 5, Article I of the Ohio Constitution in *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 644 N.E.2d 397. The relators moved the respondent for a new trial. On January 17, 1995, the respondent determined that he would not hold a hearing on punitive damages and that he would deny the motion for a new trial, subject to reconsideration on the issue of whether he could reconvene the original jury to determine the amount of punitive damages. Respondent scheduled the next hearing for February 6, 1995, by which time trial counsel were to brief this issue.

On February 6, 1995, the respondent directed that the original jury be reconvened on April 24, 1995, to determine the amount of punitive damages. If reconvening the original jury would be impossible, then a new jury would be impaneled to make the determination. The relators then commenced this prohibition action to stop the respondent from proceeding.

The requisites for prohibition are well established: (1) the court against whom it is sought is about to exercise judicial power; (2) the exercise of such power is unauthorized by law; and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher* (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe* (1941), 138 Ohio St. 417, 20 O.O. 544, 35 N.E.2d 571,

paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Darke Cty. Juv. Court* (1950), 153 Ohio St. 64, 65, 41 O.O. 133, 133, 90 N.E.2d 598, 599. Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas* (1940), 137 Ohio St. 273, 18 O.O. 40, 28 N.E.2d 641; *Reiss v. Columbus Mun. Court* (App.1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court patently and unambiguously lacks jurisdiction over a matter, prohibition will lie even if there is an adequate remedy. *State ex rel. Tilford v. Crush* (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245.

In the present case, there is no doubt that the trial court may convene a new jury to decide the amount of punitive damages. R.C. 2311.04 specifically grants the respondent the power "to order any issue to be tried by a jury." Civ.R. 39 in subsections (B) and (C) further provides the trial court with the discretion to submit matters to a jury in those cases in which a jury was either not requested or in which a jury would otherwise not be available. Thus, given these broad grants of power, it cannot be argued that the respondent would be acting beyond his authority to submit the issue of punitive damages to a new jury.

Furthermore, both Ohio and federal courts have recognized the propriety and necessity of submitting the issue of punitive damages to a new jury, when only that issue remains to be resolved. In *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331, the jury awarded punitive damages against a doctor in an amount probably exceeding his net worth. The Ohio Supreme Court reversed that award as excessive and ordered a remittitur. The court then explicitly recognized that, if the plaintiff refused the remittitur, a jury could be impanelled to determine just the amount of punitive damages. Similarly in *Eckmann v. Hawthorn School Dist. No. 17 Bd. of Edn.* (N.D.Ill.1986), 636 F.Supp. 1214, the court granted a motion for new trial limited to determining the amount of punitive damages. Recently, in *Sprosty v. Pearlview, Inc.* (1995), 106 Ohio App.3d 679, 666 N.E.2d 1180, this court followed *Zoppo*, reaffirming that R.C. 2315.21 violates the right to trial by jury. Thus, this court remanded the case for further proceedings, *e.g.*, a jury trial, on Sprosty's claim for punitive damages.

■ Moreover, a new trial may be properly limited to damages only. Indeed, "[a]s a general rule, error with respect to damages should require a new trial on damages only." *Channel 20, Inc. v. World Wide Towers Serv., Inc.* (D.C.Tex. 1985), 607 F.Supp. 551, 559. Courts have repeatedly recognized these principles. *Westbrook v. Gen. Tire & Rubber Co.* (C.A.5, 1985), 754 F.2d 1233, and *Bonjorno v. Kaiser Aluminum & Chem. Corp.* (C.A.3, 1984), 752 F.2d 802.

█ Therefore, the respondent would be acting completely within his jurisdiction and following well-accepted principles of law by impaneling a new jury to determine the sole issue of punitive damages. Prohibition does not lie for this claim.

The prohibition claim for reassembling the original jury, after it has been discharged, to determine the amount of punitive damages presents a very different claim. After a jury has been discharged and the jurors reenter the community, it is a near absolute certainty that the jurors will discuss their experience with family and friends and receive a multitude of insights, comments and stories. The jurors will likely review their experience, and memories of specific evidence and judicial instruction will probably become blurred, lapsed and faulty. Additionally, the judge's admonitions are no longer binding. Under such circumstances the integrity of the jury for reassembling to further determine issues would be severely compromised.

The appellate courts of Ohio have condemned the practice of reconvening a jury. In *Am. Express Co. v. Catlin* (App.1924), 2 Ohio Law Abs. 746, the jury did not sign the verdict form. Nevertheless, the trial court received the verdict and discharged the jury. Later, the trial court reassembled the jury to correct the mistake. On appeal, the court of appeals reversed, ruling that the court erred in authorizing the jury to correct its mistake. Similarly, in *Boyer v. Maloney* (1927), 27 Ohio App. 52, 58, 160 N.E. 740, 741, the court ruled: "The jury having been discharged from the case it was error for the court to reconvene the jury and permit it to return a second verdict and enter judgment thereon." Perhaps the strongest condemnation was in *Ekleberry v. Sanford* (1943), 73 Ohio App. 571, 29 O.O. 193, 57 N.E.2d 270. In that case the jury returned a verdict for the appellee in the amount of $5, but the court entered judgment in the amount of $500 (the actual amount in controversy) with interest and costs. In reversing the judgment, the appellate court held that the trial court had no power to correct or alter the verdict of the jury without the assent of the jurors before their discharge. Cf. *Friedeborn v. Powers Regulator Co.* (1922), 16 Ohio App. 300 (irregularities in impaneling and discharging a jury did not involve the subject matter jurisdiction of the court, but were simply grounds for error).

█ As noted above, prohibition does not lie if there is an adequate remedy at law to prevent or correct errors. In the Ohio cases cited by the relators, the issue of the propriety of reassembling the jury after discharge was presented and rectified by way of appeal, not prohibition. Moreover, most of the cases discuss this issue in terms of error, not in terms of the inherent power of the trial court. Accordingly, this court concludes that if the trial court errs by reassembling the jury to determine the issue of punitive damages, then the aggrieved party would have an adequate remedy at law. Additional delay, inconvenience and expense

does not render appeal an inadequate remedy. *State ex rel. Casey Outdoor Advertising, Inc. v. Ohio Dept. of Transp.* (1991), 61 Ohio St.3d 429, 575 N.E.2d 181. Therefore, prohibition does not lie.

Accordingly, the respondent's motion to dismiss is granted, and the applications for prohibition and for an alternative writ are denied and dismissed. Relators to pay costs.

*Judgment accordingly.*

NAHRA and KARPINSKI, JJ., concur.