JOURNAL ENTRY AND OPINION
On June 1, 2001, the relator, Cynthia Kline, commenced this writ of prohibition action against the respondents, Judge Patrick Carroll and the Lakewood Municipal Court, to prohibit them from enforcing the sentence in the underlying case, City of Parma v. Cynthia Kline, Lakewood Municipal Court Case No. 96B 1708(2/2) and to further vacate the conviction in that case for lack of jurisdiction. Kline also sought an alternative writ to stop the imminent enforcement of the sentence. This court granted the alternative writ. On June 25, Kline moved for judgment on the pleadings, and the respondents filed a "Response to Complaint in Prohibition" which this court considered as a motion to dismiss or in the alternative a motion to join the City of Parma as a party. After Kline filed her brief in opposition, this court on July 23, 2001, denied the motion to dismiss and the motion to join. On August 3, 2001, the City of Parma moved to intervene as a respondent. Kline renewed her motion for judgment on the pleadings and filed a brief in opposition to Parma's motion to intervene. For the following reasons, this court denies the motion to intervene and grants the motion for judgment on the pleadings and, thus, grants the writ of prohibition vacating the conviction and sentence in the underlying case for lack of jurisdiction.
 FACTUAL AND PROCEDURAL BACKGROUND
In April 1995, Cynthia Kline faced charges for (1) failure to comply with the order of a police officer, (2) criminal trespass and (3) obstruction of official business in City of Parma v. Cynthia Kline, Parma Municipal Court Case Nos. 94-CRB-2340 and 94-CRB-2220. The trial judge found her guilty on all counts. On appeal, City of Parma v. CynthiaKline (Mar. 18, 1996), Cuyahoga App. Nos. 68998 and 68999, unreported, this court reversed and remanded for further proceedings.
On April 16, 1996, Kline through her attorney wrote a letter to the trial judge asking that he and the entire Parma Municipal bench recuse themselves from the underlying case and that it be assigned to a different jurisdiction. Consequently, on October 23, 1996, the trial judge issued an entry: "Upon request of the defendant, pursuant to defendant's letter of April 16, 1996 and in order to avoid the appearance of impropriety, this case is hereby referred to the Honorable James J. Sweeney, Presiding Judge, Cuyahoga County Common Pleas Court, to be re-assigned to another Municipal Court." In a November 1, 1996 journal entry, Judge Sweeney, pursuant to R.C. 2937.20 transferred, this matter to the Lakewood Municipal Court.[1]
In March 1998 in Lakewood Municipal Court, a jury found Kline not guilty of criminal trespass and guilty of failure to comply with a police order and obstruction of official business.[2] On appeal, City of Parmav. Cynthia Kline (Oct. 14, 1999), Cuyahoga App. Nos. 74617 and 74618, unreported, this court reversed and rendered judgment for Kline on the failure to obey the police order conviction, but affirmed the conviction for obstruction of official business and remanded the case back to the trial court for execution of sentence. The trial court reimposed the original sentence for that charge. After exhausting her appeals and various stays, she commenced this prohibition action.
 DISCUSSION OF LAW
The gravamen of Kline's argument is that because the transfer from the Parma Municipal Court to the Lakewood Municipal Court was improper, the respondents never obtained jurisdiction over the underlying cases, and thus, the conviction is void.
Municipal courts are statutory courts and their territorial jurisdiction may not be enlarged except by statute. Lakewood Municipal Court does not have the jurisdiction to hear cases arising in the City of Parma unless there is explicit statutory authority. Bedford v. Lacey
(1985), 30 Ohio App.3d 1, 506 N.E.2d 224 and City of Rocky River v.Hughes (Nov. 22, 2000), Cuyahoga App. No. 76771, unreported. The underlying matter was transferred from Parma Municipal Court to Lakewood Municipal Court under the authority of R.C. 2937.20, now R.C. 2701.031. However, the provisions of that statute are conditioned upon the filing of an affidavit of prejudice and the municipal court clerk providing notice to the presiding judge of the court of common pleas. The statute does not permit the presiding judge of the relevant common pleas court to appoint a judge when the municipal court judges voluntarily recuse themselves. General Motors Acceptance Corporation v. Davet (Aug. 10, 2000), Cuyahoga App. No. 76288, unreported. Rather, when a judge voluntarily recuses himself, the Chief Justice of the Supreme Court of Ohio has the sole authority to assign a replacement judge. Davet, Hughes
and Lacey. The Eleventh District Court of Appeals recognized this principle in State v. Bayer (1995), 102 Ohio App.3d 172, 656 N.E.2d 1314. Thus, the presiding judge of the court of common pleas had no authority to assign the judge of the Lakewood Municipal Court to the underlying matter.
This court has held that when an assignment is made without authority under R.C. 2701.031, then the assigned trial court lacks jurisdiction to hear the matter, and the judgment of that court is void. City ofUniversity Heights v. Rothschild (2001), 141 Ohio App.3d 443,751 N.E.2d 551, Lacey, Hughes and Davet.
In an effort to preserve the conviction, the City of Parma seeks to intervene as a respondent[3] to argue that the writ of prohibition should not lie because Kline invited this jurisdictional error and should not be allowed to benefit from something she precipitated. To support this argument, the City cites numerous cases for the principle that "a party cannot take advantage of an error he invited or induced." State v.Wilson (1996), 74 Ohio St.3d 381, 398, 659 N.E.2d 292.
However, this argument is not persuasive because of the sui generis
nature of subject matter jurisdiction. It has been long established that the issue of subject matter jurisdiction cannot be waived and therefore can be raised at any time. State ex rel. Wilson-Simmons v. Lake CountySheriff's Department (1998), 82 Ohio St.3d 37, 40, 693 N.E.2d 789. Alternatively, orders which are erroneous for lack of subject matter jurisdiction are void and subject to collateral attack. State ex rel.Beil v. Dota (1958), 168 Ohio St. 315, 319, 154 N.E.2d 634 and Polakovav. Polak (1995), 107 Ohio App.3d 745, 669 N.E.2d 498. In Slone v. StateBoard of Embalmers Funeral Directors (1995), 107 Ohio App.3d 628,669 N.E.2d 628, this court considered a similar issue, the failure to raise the issue of subject matter jurisdiction at the trial court level. This court rejected the waiver or failure to preserve argument because "it does not apply here because a question of subject matter jurisdiction can be raised at any time * * * subject matter jurisdiction is never waived and is not waivable * * *." 107 Ohio App.3d at 630. In Newland v.Industrial Commission of Ohio (1938), 60 Ohio App. 104, 19 N.E.2d 780, the court noted that "[i]t is true that jurisdiction cannot be conferred by consent." 60 Ohio App. at 105. Moreover, the authorities cited by the City do not present the issue of whether invited error "trumps" the issue of subject matter jurisdiction. Rather, the cases present the issue of invited error in the context of jury instructions, evidentiary rulings and motions for continuance. Newland is the City's strongest authority, and the court stated the issue of conferring subject matter jurisdiction was not before it. Thus, in weighing the two competing principles, invited error, and the nature of subject matter jurisdiction, this court concludes that the strong and repeated language that subject matter jurisdiction cannot be waived controls. Therefore, the City would not be successful in raising the defense of invited error, and this court denies the motion for leave to intervene.
The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largentv. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate. State ex rel. Ellis v.McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Sparto v.Juvenile Court of Darke County (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel.Tilford v. Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 and State exrel. Csank v. Jaffe (1995), 107 Ohio App.3d 387. Moreover, the court has discretion in issuing the writ of prohibition. State ex rel. Gilligan v.Hoddinott (1973), 36 Ohio St.2d 127, 304 N.E.2d 382. Additionally, a court which has the power to issue the writ of prohibition has plenary power to prevent the exercise of judicial power without jurisdiction as well as to correct the results thereof and to restore the parties to the same position they occupied before the exercise of such judicial power.State ex rel. Adams v. Gusweile (1972), 30 Ohio St.2d 326, 330,285 N.E.2d 22; State ex rel. Lomz v. Court of Common Pleas of PortageCounty (1988), 36 Ohio St.3d 209, 522 N.E.2d 551 and State ex rel.Special Prosecutors v. Judges of the Court of Common Pleas (1978),55 Ohio St.2d 94, 378 N.E.2d 162.
Given the repeated rulings in this district that the presiding judge of the Court of Common Pleas may not assign a judge to hear a municipal court case on a trial judge's voluntary recusal or disqualification and that the judgment of such an assigned judge is void, this court rules that the respondents were patently and unambiguously without jurisdiction and that the judgments are void. Accordingly, the judgments of the Lakewood Municipal Court in the underlying matters are vacated, and Kline and the City of Parma are restored to their positions as of the point in time when the judges of the Parma Municipal Court recused themselves. Costs assessed against respondents. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
MICHAEL J. CORRIGAN, J. and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Upon receipt of the cases, the Lakewood Municipal Court numbered the failure to comply with police order case as 96B 1709 and the criminal trespass and obstruction of official business case as 96B 1708(2/2).
[2] 0n May 1, 1998, the respondent judge sentenced Kline on the failure to comply with a police order charge to a $250 fine and thirty days in jail; $125 of the fine and the full jail time was suspended. He placed her on two years inactive probation. On the obstruction of official business, he imposed the same sentence and noted that any jail time would be concurrent with the 96B 1709 sentence; he also imposed the condition of probation of twenty-four hours of community work service.
[3] Throughout these proceedings the respondents have been neutral parties to the underlying matter and accepted and effected the assignment in good faith. They have always stood ready to accept and comply with the orders of this court.