OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of Charles Gustin, filed August 1, 2005. Appellee R. Mark Rohr filed a complaint against Gustin on December 10, 2003, alleging defamation. Rohr filed a Motion for Partial Summary Judgment on the issues of liability and nominal damages, which the trial court granted. Following trial on the issue of the amount of damages to which Rohr was entitled, the jury found nominal damages in the amount of $0. After the jury was dismissed, the trial court discovered that the jurors failed to sign their names on the lines next to their seat assignments on the verdict form. The jurors had each written "nominal damages" on the lines instead of their names. On June 9, 2005, Rohr filed a Motion for a New Trial. On July 8, 2005, the trial court granted Rohr's Motion "due to defects in the manner the jury completed the verdict form, (Rule 48) and its failure to award the Plaintiff at least one dollar." On July 19, the trial court granted the parties leave to file motions for summary judgment and scheduled trial for October 3, 2005. On July 12, 2005, Gustin filed a Motion to Resend (sic) Summary Judgment Decision, and Rohr filed a Memorandum in Opposition to Defendant's Motion to Rescind Summary Judgment. On August 1, 2005, the trial court entered an Order Rescinding the Previously Granted Partial Summary Judgment in Favor of Plaintiff, R. Mark Rohr.
 {¶ 2} Rohr's first assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT JUDGE ABUSED HIS DISCRETION BY GRANTING PLAINTIFF'S MOTION FOR A NEW TRIAL."
 {¶ 4} "Whether to grant or deny a motion for a new trial rests with the sound discretion of the trial court, and its judgment will not be disturbed absent an abuse of discretion. (Internal citations omitted.) An abuse of discretion is shown when a decision is unreasonable; that is, when there is not sound reasoning process that would support it. * * * While the authority conferred by Civ.R. 59(A) to grant a new trial on all or part of the issues is unrestricted by the rule, the court's discretionary exercise of that authority is subject to the continuing requirement of reasonableness. (Internal citations omitted). A failure to act reasonably in that regard is an abuse of discretion." Drehmer v. Fylak, Montgomery App. No. 20635,2005-Ohio-4732.
 {¶ 5} "`Although no particular form is required, the verdict of the jury, to serve as a basis for a judgment, should be clear, intelligible, consistent, and certain. It should import a definite meaning free from any ambiguity, and should show just what the jury intended, so that the court may ascertain from its terms alone, or from its terms when read in the light afforded by the pleadings of which it is the duty of the court to take judicial notice, what judgment to render. * * * The above rule is not only fundamental but also elemental in the trial of the cause." Ekleberry v. Sanford (1943), 73 Ohio App. 571, 575,57 N.E.2d 270. "A verdict is defective in substance if it is wanting in some real or essential part or element and does not correspond to the issues raised by the pleadings." Id. at 574.
 {¶ 6} Civ. R. 48 provides that a jury shall render a verdict that "shall be in writing and signed by each of the jurors concurring therein." In its instructions, the trial court stated, "The members of the Jury agreeing upon the verdict must sign their names to the verdict opposite their seat number."
 {¶ 7} The verdict form at dispute herein is defective, and the trial court did not err in granting Rohr's Motion for a New Trial. There is no indication in the record that counsel was able to view the verdict form prior to discharge of the jury and the record supports the conclusion that the trial judge did not notice the complete lack of signatures until after the jury was discharged. Since the trial court correctly granted a new trial on this basis, it is not necessary to address the issue of nominal damages.
 {¶ 8} Gustin's second assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT IMPROPERLY GRANTED PLAINTIFF SUMMARY JUDGMENT"
 {¶ 10} Since the trial court rescinded its decision granting partial summary judgment for Rohr and granted Rohr's Motion for a New Trial, this assignment of error is rendered moot. Judgment affirmed.
Grady, P.J. and Brogan, J., concur.