JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On November 30, 2007, the relator, Bruce Andrew Brown, commenced this prohibition action against the respondents, the Bedford Municipal Court and Judge Brian Melling, to prevent a writ of restitution in the underlying case, Greensibs, LLC v. Brown, Bedford Municipal Court Case No. 07CVG04469, a forcible entry and detainer action. Brown asserts that the respondents have no jurisdiction because Judge Melling recused himself, Judge Nancy McDonnell transferred the underlying case to the Lyndhurst Municipal Court pursuant to R.C. 2701.031, and Brown appealed the matter to this court, Greensibs, LLC v. Brown, Case No. 90680 thus, depriving the respondents of all jurisdiction over the underlying case. On December 19, 2007, the respondents moved for summary judgment based on mootness. Brown never filed a response to this motion. For the following reasons, this court grants the respondents' motion for summary judgment and denies the application for a writ of prohibition.
 {¶ 2} On August 9, 2007, Greensibs, LLC, commenced the underlying forcible entry and detainer action against Suzanne Brown and Bruce Andrew Brown. On August 17, 2007, the Browns filed affidavits of disqualification against the Bedford Municipal Court judges. On October 3, 2007, pursuant to R.C.2701.031, Judge Nancy McDonnell, Administrative Judge of the Cuyahoga County Common Pleas Court, noted that the Bedford judges were recusing themselves and, thus, she transferred the underlying case to Judge Mary Kaye Bozza of the Lyndhurst Municipal Court, where the underlying case is Greensibs, LLC v. Brown, Lyndhurst *Page 4 
Municipal Court Case No. 07CVG01493. Judge Bozza subsequently rendered judgment for Greensibs and ordered restitution of the premises. The Browns appealed to this court on November 19, 2007, and initially obtained a stay until November 29 to allow Greensibs to file a brief in response to the motion for stay. On November 29, this court denied the Browns' verified request for extension of the stay; thus, no stay is in effect.
 {¶ 3} At the trial court level, Judge Bozza transferred the underlying case back to Bedford for the administrative function of issuing the writ of restitution. On November 26, 2007, Judge Melling pursuant to Judge Bozza's order issued the subject order, which overruled the Browns' objections and ordered the move-out to proceed. In response to the instant prohibition action, Judge Melling on December 11, 2007, issued a journal entry vacating the subject order. A copy of this signed, file-stamped December 11, 2007 order is attached to the respondents' motion for summary judgment. Subsequently, Judge Bozza and the Lyndhurst Municipal Court have resumed jurisdiction over the underlying case and have extended the writ of restitution until February 9, 2008.
 {¶ 4} In his complaint Brown seems to assert that both the recusal and the appeal deprive the respondents of jurisdiction over the underlying case. Thus, he argues prohibition should lie to prevent the respondents from enforcing the writ of restitution. *Page 5 
 {¶ 5} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel.Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v.McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel.Sparto v. Juvenile Court of Darke County (1950), 153 Ohio St. 64, 65,90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Courtof Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 273 and Reiss v.Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel.Tilford v. Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 andState ex rel. Csank v. Jaffe (1995), 107 Ohio App.3d 387,668 N.E.2d 996. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's *Page 6 
jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local SchoolDist Bd. of Edn. v. Portage Cty. Court of Common Pleas (1997),78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel. Bradford v. Trumbull Cty.Court, 64 Ohio St.3d 502, 1992-Ohio-116, 597 N.E.2d 116. Moreover, the court has discretion in issuing the writ of prohibition. State ex rel.Gilligan v. Hoddinott (1973), 36 Ohio St.2d 127, 304 N.E.2d 382.
 {¶ 6} To the extent that Brown is arguing that the recusal has permanently deprived the respondents of all jurisdiction over the underlying case, including enforcing the judgment of another court, Judge Melling's entry vacating the subject order has rendered this claim moot. The respondents are not about to exercise any judicial power over the underlying case. The Lyndhurst Municipal Court's resumption of jurisdiction confirms this, and perhaps more importantly, Brown has filed nothing to contest this point. Accordingly, prohibition will not lie on this claim.
 {¶ 7} To the extent that Brown is arguing that the appeal has transferred all jurisdiction over the underlying case, including enforcement of the judgment, from the trial court to the court of appeals, his argument is ill-founded. The general rule is that a trial court loses jurisdiction after an appeal is perfected, except to take action in aid of the appeal or when a remand is ordered for a ruling on a pending motion; the trial court retains all jurisdiction not inconsistent with that of the appellate court to review, affirm, modify or reverse the order from which the appeal is taken. Yee v. Erie CountySheriff's Department (1990), 51 Ohio St.3d 43, 533 N.E.2d 1354; Inre *Page 7 Mahoning Valley Sanitary Dist (1954), 161 Ohio St. 259, 119 N.E.2d 61;Majnaric v. Majnaric (1975), 46 Ohio App.2d 157, 347 N.E.2d 552;Vavrina v. Greczanik (1974), 40 Ohio App.2d 129, 318 N.E.2d 408;Society National Bank v. Perry (Sept. 19, 1991), Cuyahoga App. No. 59015; and State ex rel. Nickerson v. Suster (Sept. 25, 1996), Cuyahoga App. No. 70707.
 {¶ 8} However, the trial court retains jurisdiction to enforce its judgment, absent the trial court or the court of appeals granting a stay and setting a bond. R.C. 2505.09 provides in pertinent part: "an appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee * * *." In the instant matter there is no stay in effect. Thus, the trial court has the authority to enforce its judgment.
 {¶ 9} In State ex rel. Klein v. Chorpening (1983), 6 Ohio St.3d 3,450 N.E.2d 1161, the Supreme Court of Ohio considered a similar prohibition action. Klein was a defendant in an action in which judgment was rendered against all defendants, and the plaintiffs began proceedings in aid of judgment. Klein did not comply with the proceedings, but instead filed an appeal. He did not seek and the court of appeals did not issue a stay. After Klein had been arrested pursuant to a bench warrant for failing to comply with the proceedings in aid of execution, he brought a prohibition action in the Supreme Court of Ohio and argued that the trial judge had lost jurisdiction over the subject matter and person when he appealed. The Court rejected this argument and denied the writ of prohibition. It first noted under R.C. *Page 8 2505.09 an appeal does not act as an automatic stay of execution; rather, a stay with a supersedeas bond must be obtained. "Until and unless a supersedeas bond is posted the trial court retains jurisdiction over its judgments as well as proceedings in aid of the same."6 Ohio St.3d at 4. This court followed Klein in State ex rel. Bartak v.Cuyahoga Cty. Court of Common Pleas (July 27, 1992), Cuyahoga App. No. 63444.
 {¶ 10} Similarly, in Davis v. Davis (1988), 55 Ohio App.3d 196, 201,563 N.E.2d 320, this court affirmed the principle that "[the trial court] retained authority to permit or preclude the enforcement of its judgment until the appellant posted an approved supersedeas bond." InGullia v. Gullia (July 8, 1993), Cuyahoga App. No. 62476, this court ruled that the trial court retained jurisdiction to enforce its orders while the case was on appeal and after the appellant's motion for stay had been denied.
 {¶ 11} To the extent that Brown may be arguing some other theory of loss of jurisdiction, this court in the exercise of its discretion and following the admonition not to issue the extraordinary writ of prohibition in doubtful cases declines to issue the writ, because Brown has not articulated his claim for loss of jurisdiction.
 {¶ 12} Accordingly, this court denies the application for a writ of prohibition. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B). *Page 9 
 COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR *Page 1